UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYREESE A. MOORE,

    Petitioner,

v.

                                      Civil No. 21-cv-10406
                                      Hon. Matthew F. Leitman

SHANE JACKSON,

    Respondent.
_____/

## ORDER (1) GRANTING MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 9), (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Tyreese A. Moore is a state prisoner in the custody of the Michigan Department of Corrections. On January 27, 2021, Moore filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) In the petition, Moore seeks relief from his conviction for assault with intent to commit murder in violation of Mich. Comp. Laws § 750.83. (*See id.*)

Respondent has now moved to dismiss the petition. (*See* Mot. to Dismiss, ECF No. 9.) Respondent asserts that Moore failed to timely file his petition in compliance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). (*See id.*) The Court agrees. Therefore, for the reasons stated below, the Court **GRANTS** Respondent's motion and **DISMISSES** with the petition with prejudice.

1

# I

On January 13, 2015, Moore pleaded guilty in the Wayne County Circuit Court to one count of assault with intent to commit murder in violation of Mich. Comp. Laws § 750.83 pursuant to a plea agreement. (*See* 1/13/15 Plea Hr'g. Tr., ECF No. 10-4.) The state trial court subsequently sentenced Moore to 15 to 30 years in prison. (*See* 1/27/15 Sent. Tr., ECF No. 10-8.)

Moore filed a delayed application for leave to appeal in the Michigan Court of Appeals, and that court denied the application "for lack of merit in the grounds presented." (Mich. Ct. of Appeals Record, ECF No. 10-11, PageID.606.) Moore then filed an application for leave to appeal in the Michigan Supreme Court. (*See* Mich. Sup. Ct. Record, ECF No. 10-12.) That court denied the application on November 30, 2016. (*See id.*, PageID.930.)

On February 16, 2018, Moore returned to the state trial court and filed a post-conviction motion for relief from judgment. (*See* St. Ct. Mot., ECF No. 10-10.) The state trial court denied the motion in a written order dated May 31, 2018. (*See* St. Ct. Order, ECF No. 10-13, PageID.1163-1169.) Moore then filed a delayed application for leave to appeal in the Michigan Court of Appeals. (*See* Mich. Ct. of Appeals Record, ECF No. 10-13.) That court denied the application "because [Moore] [] failed to establish that the trial court erred in denying the motion for relief from judgment." (*Id.*, PageID.1148.) On February 4, 2020, the Michigan Supreme Court

also denied Moore's application for leave to appeal. (*See* Mich. Sup. Ct. Record, ECF No. 10-14, PageID.1227.)

On January 21, 2021, Moore filed his habeas petition with this Court.[1] (*See* Pet., ECF No. 1.) In the petition, Moore claims, among other things, that his plea was involuntary and his counsel was ineffective. (*See id.*)

Respondent moved to dismiss the petition on August 23, 2021. (*See* Mot. to Dismiss, ECF No. 9.) Respondent argues that Moore failed to file the petition "within the applicable statute of limitations under 28 U.S.C. § 2244." (*Id.*, PageID.356.)

## II

28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief. That statute provides, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States

---

[1] Under the prison mailbox rule, this Court will assume that Moore actually filed his habeas petition on January 21, 2021, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

        is removed if the applicant was prevented from filing by such State action;

  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Although not jurisdictional, AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling [or] actual innocence." *Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009).

### III

### A

Respondent argues in his motion to dismiss that Moore's habeas petition was untimely filed because Moore filed the petition more than one year after his conviction "became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Court agrees.

As described above, the Michigan Supreme Court denied Moore's application for leave to appeal his conviction on November 30, 2016. (*See* Mich. Sup. Ct.

4

Record, ECF No. 10-12, PageID.930.) However, Moore's conviction did not become final on that day. Where, as here, a petitioner does not seek a writ of certiorari in the United States Supreme Court, the petitioner's conviction becomes final for purposes of AEDPA upon the expiration of the 90-day period to seek that review. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Thus, because Moore did not file a petition for certiorari, his conviction became final – and AEDPA's one-year statute of limitations began to run – on February 28, 2017.

But before that limitations period expired, Moore properly filed a motion for collateral review in the state trial court, and that filing tolled AEDPA's statute of limitations. On February 16, 2018, after three hundred and fifty-three days had elapsed under AEDPA's one-year statute of limitations, Moore filed a post-appeal motion for relief from judgment in the state trial court. (*See* St. Ct. Mot., ECF No. 10-10.) The filing of that motion froze the clock on the AEDPA statute of limitations at 353 days while the motion remained pending in state court. *See* 28 U.S.C. § 2244(d)(2); *see also McClendon v. Sherman,* 329 F.3d 490, 493-94 (6th Cir. 2003) (explaining that pursuant to 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted toward AEDPA's one-year statute of limitation). A post-conviction application or motion remains pending in the state courts, for purposes of

5

AEDPA, until it "has achieved final resolution through the state's post-conviction procedures." *Carey v. Safford,* 536 U.S. 214, 220 (2002).

In this case, the tolling of the AEDPA's one-year statute of limitations ended when the Michigan Supreme Court denied Moore's application for leave to appeal the denial of his motion for relief from judgment on February 4, 2020. *See Hudson v. Jones*, 35 F.Supp.2d 986, 988-989 (E.D. Mich. 1999). That left Moore only twelve days, or by no later than February 16, 2020, to timely file his habeas petition with this Court. He did not do so. Indeed, Moore did not file his petition until nearly 11 months later on January 21, 2021. (*See* Pet., ECF No. 1.) His petition is therefore untimely.

**B**

Moore counters that he had an entire year following the conclusion of his state-court, post-conviction proceedings to file his federal habeas petition. (*See* Pet., ECF No. 1, PageID.13.) He therefore insists that he had until February 4, 2021 – one year after the Michigan Supreme Court denied his application for leave to appeal on February 4, 2020 – to file his petition. (*See id.*) The Court disagrees.

For all of the reasons explained above, Moore's filing of a post-conviction motion for relief from judgment in the state trial court merely tolled – and did not reset – AEDPA's one-year statute of limitations. Indeed, as the Sixth Circuit has explained "[t]he tolling provision" in Section 2244(d)(2) "does not [] 'revive' the

limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (internal citation and quotation omitted). Thus, while Moore's filing of his motion for relief from judgment tolled the running of AEDPA's one-year limitations period, "it [would] not [have] cause[d] the statute to begin running anew" when the state courts denied post-conviction relief. *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001) (affirming dismissal of habeas petition as untimely filed).

Moore further appears to argue that he is entitled to habeas relief because his constitutional rights were violated. (*See* Moore Reply Br., ECF No. 13.) But, for all of the reasons explained above, his petition is untimely. And a court need not review the merits of a petition where it denies relief based on the statute of limitations.[2] *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007) (explaining that "[a] merits decision was [] unnecessary[] since the district court denied the petition on statute of limitations grounds").

Finally, Moore has briefly referenced the Suspension Clause of the United States Constitution in his briefing. (*See* Moore Reply Br., ECF No. 13, PageID.1520-1521). But applying the one-year limitations period contained within AEDPA does not violate the Suspension Clause. *See Hill v. Dailey*, 557 F.3d 437, 438 (6th Cir.

---

[2] Moore has not argued that the Court should equitably toll AEDPA's limitations period.

7

2009) (rejecting argument that AEDPA's statute of limitations violated the Suspension Clause and noting that "[l]ike every other court of appeals to address the issue, this court has held that AEDPA's one-year statute of limitations does not improperly suspend the writ of habeas corpus").

For all of these reasons, Moore's petition for a writ of habeas corpus is untimely, and the Court therefore grants Respondent's motion to dismiss.

## IV

Before Moore may appeal this Court's decision, he must obtain a certificate of appealability. *See* 28 U.S.C § 2253(c)(3). In cases where the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claims, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not debate the correctness of the Court's procedural ruling that Moore's petition is time-barred. The Court therefore **DENIES** Moore a certificate of appealability.

Finally, although this Court declines to issue Moore a certificate of appealability, the standard for granting an application for leave to proceed in forma pauperis on appeal is not as strict as the standard for certificates of appealability. *See*

*Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant in forma pauperis status if it finds that an appeal is being taken in good faith. *See id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). Although jurists of reason would not debate this Court's resolution of Moore's claims, an appeal could be taken in good faith. Accordingly, the Court **GRANTS** Moore permission to proceed *in forma pauperis* on appeal.

## V

For the reasons stated above, the Court:

- **GRANTS** Respondent's motion to dismiss (ECF No. 9);
- **DISMISSES** Moore's habeas petition (ECF No. 1) **WITH PREJUDICE**;
- **DENIES** Moore a certificate of appealability; and
- **GRANTS** Moore permission to appeal *in forma pauperis*.

  **IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 31, 2022

9

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 31, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126